UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GREGORY ALAN CAUDLE, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:20-cv-00079-JRS-MJD ) |
| RICHARD BROWN Warden, IDOC, | ) ) ) |
| Respondents. | ) ) |

**Order Granting Motion to Dismiss, Denying Petition for a Writ of Habeas Corpus, and Denying Certificate of Appealability**

In his petition for writ of habeas corpus, petitioner Gregory Caudle challenges his 2013 Marion County, Indiana conviction for burglary, resisting law enforcement, and being a habitual offender. The respondent argues in part that the petition must be denied because it is time-barred. For the reasons explained in this Order, Mr. Caudle's petition for a writ of habeas corpus is **denied** and the action is **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

According to the chronological case summary,[1] in cause number 49G03-1305-FB-030738, Mr. Caudle was convicted after a jury trial on July 17, 2013, and sentenced on August 2, 2013. Mr. Caudle initially pursued a direct appeal but later withdrew it. Dkt. 6-1 at 2–4. The Indiana Court of Appeals dismissed his appeal with prejudice on February 14, 2014. *Id.* at 4. Mr. Caudle did not file a petition to transfer to challenge the dismissal of his appeal to the Indiana Supreme Court. *Id.*

---

[1] The Court takes judicial notice of the chronological case summary, available at mycase.in.gov.

1

On April 14, 2015, Mr. Caudle filed a "Verified Petition for State Writ of Habeas Corpus" in the Sullivan Circuit Court, which is the circuit court in the county where Mr. Caudle is incarcerated. *Caudle v. Brown*, 2015 WL 6736551, *1 (Ind Ct. App. Nov. 4, 2015). Mr. Caudle alleged that the charging information in his case was not lawfully filed, and therefore he was being detained illegally and was entitled to immediate release. *Id.* The circuit court denied his petition. *Id.* Mr. Caudle subsequently filed a motion to reconsider, which was also denied. *Id.* He appealed, and the Indiana Court of Appeals upheld the denial, while noting that Mr. Caudle had properly filed the action as a petition for a writ of habeas corpus rather than a petition for post-conviction relief. *Id.* at *2.

On March 11, 2016, Mr. Caudle filed a petition for post-conviction relief. Dkt. 6-5. His petition was denied by the trial court and the Indiana Court of Appeals. *Caudle v. State*, 134 N.E.3d 58, 2019 WL 4197188 (Ind. Ct. App. Sept. 5, 2019). The Indiana Supreme Court denied his petition to transfer on January 30, 2020. Dkt. 6-2 at 9.

On February 10, 2020, Mr. Caudle mailed the instant petition for a writ of habeas corpus seeking federal collateral review of his conviction.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress revised several statutes governing federal habeas relief as part of AEDPA. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d

2

889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

### III. Discussion

Mr. Caudle's conviction and sentence became final when, after his direct appeal was dismissed, he did not file a petition for transfer to the Indiana Supreme Court by the deadline of March 16, 2014. *Gonzalez v. Thaler*, 565 U.S. 134, 154, (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" under § 2244(d)(1)(A) when the time for seeking such review expires."). Therefore, the one-year period of limitation began running on March 16, 2014, and Mr. Caudle had until March 16, 2015, to file his petition for habeas corpus.

A limitations period is tolled during the time in which the petitioner has pending a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Mr. Caudle did not file his petition for a writ of habeas corpus in state court until April 14, 2015.[2] By that time, the limitations period had expired.

Pursuant to AEDPA, Mr. Caudle had until March 16, 2015, to file a petition for writ of habeas corpus. However, Mr. Caudle did not file this petition until February 10, 2020, nearly five years after the limitations period expired. Neither Mr. Caudle's petition for habeas corpus in Sullivan Circuit Court nor his petition for post-conviction relief in Marion Superior Court tolled

---

[2] The Court notes that the respondent did not acknowledge Mr. Caudle's petition for a writ of habeas corpus in the Sullivan Circuit Court, only his petition for post-conviction relief filed in the Marion County Superior Court on March 11, 2016. The Indiana Court of Appeals held that Mr. Caudle's Sullivan Circuit Court petition was a properly filed habeas petition, so it would have served to toll the limitations period had it not been filed after the expiration of the limitation period. *See Simms v. Acevedo*, 595 F.3d 774, 778 (7th Cir. 2010) (noting that "petitions are properly filed when their delivery and acceptance are in compliance with the applicable laws and rules governing filings.") (quotation marks and internal citations omitted).

the limitations period, as both were filed after his limitations period had already expired.

Mr. Caudle has presented no argument that he was entitled to equitable tolling. Rather, he alleges that his conviction and sentence only became final on January 30, 2020, when the Indiana Supreme Court denied transfer on his petition for post-conviction relief. Dkt. 7 at 8. However, as the Court explained, Mr. Caudle's conviction and sentence became final on March 14, 2014, the last date that he could have petitioned the Indiana Supreme Court to review the dismissal of his direct appeal. His petition is time-barred and must be **denied**.

Because Mr. Caudle's petition is time-barred, the Court need not address the respondent's second argument that Mr. Caudle's claim is non-cognizable.

## IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Mr. Caudle's petition was filed nearly five years after the

4

expiration of the limitation period, and neither of his state-court actions tolled the limitation period. Therefore, a certificate of appealability is **denied**.

### V. Conclusion

The respondent's motion to dismiss, dkt. [6], is **granted**, Mr. Caudle's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **denied,** and a certificate of appealability shall not issue. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 9/22/2020

*[signature]*
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GREGORY ALAN CAUDLE
900165
WABASH VALLEY – CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Justin F. Roebel
INDIANA ATTORNEY GENERAL
justin.roebel@atg.in.gov